

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00567-CR

Michael Anthony **NEWMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 11-1559-CR
The Honorable Dwight Peschel, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  September 11, 2013

DISMISSED FOR WANT OF JURISDICTION

On June 11, 2012, Michael Anthony Newman pled guilty to aggravated sexual assault of a child and indecency with a child. On September 5, 2012, the trial court sentenced Newman to thirty years confinement for the first offense and twenty years confinement for the second offense, and ordered the sentences to run concurrently. On June 3, 2013, Newman filed a notice of appeal challenging his convictions. Newman recognizes in his notice of appeal that the document was not timely filed.

"Timely filing of a written notice of appeal is a jurisdictional prerequisite to hearing an appeal." *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012) (citing *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996)). "If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Id*. A notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a)(1).

Because Newman's notice of appeal was not timely filed, we have no option but to dismiss this appeal for lack of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

Do not publish